# N. Y. COMMON PLEAS.

## GEORGE B. GLACIUS agt. HENRY MOLDTZ.

*Arrests — orders of, in district courts — what must be done to authorize.*

Under the old Code a warrant must be issued in the first instance in every case, to authorize the judgment allowing an execution against the person.

As section 16 of the old Code is still unrepealed and operative, the only change made by the Code of Civil Procedure being that every action must be begun by summons and the substitution of orders of arrest for warrants of arrest, it would *seem* that the practice would be the same under the law as it now stands.

*General Term, May,* 1881.

*Before* C. P. DALY, *P. J.,* J. F. DALY *and* BEACH, *JJ.*

Glacius agt. Moldtz.

J. F. DALY, J. — Section 50 of the district court act, in force at the time this judgment was rendered, provides that " when a judgment is rendered in a case where the defendant is subject to arrest and imprisonment thereon, it must be so stated in the judgment and entered on the docket."' The statute does not enumerate the " cases " in which a defendant is subject to arrest and imprisonment in the judgment. The justice seems to have been of the opinion that in a case where a warrant of arrest might have been issued, as prescribed by section 16, the defendant is subject to arrest on execution against the person.

The appellant contends that in order to authorize the judgment allowing an execution against the person, it is indispensable that a warrant be issued in the first instance.

I think the latter view correct for these reasons : Actions in these courts at the time this suit was commenced were instituted by summons, by warrant or by attachment. If the case were one in which the defendant was subject to arrest, and plaintiff desired his arrest, a warrant was issued for such arrest, and such warrant was the original process (*Secs.* 10 *and* 16.) The constable making the arrest was to keep defendant in custody unless security was given as prescribed by the act of April 9, 1813, section 19. The act of 1813 provided for the giving of security, and conditioned that the defendant would surrender himself in execution within forty-eight hours from the entry of judgment. This is the only provision of the statute providing for a case in which defendant was to be charged in execution against the person, and must be deemed to be the only case intended from the fact that : 1. That it is the solitary provision on that subject; and, 2. The peculiar and distinctive form of action (*i. e.*, one commenced by warrant) to which such provision is applicable.

In this case the action was commenced on May 14, 1880, by summons, and no warrant was issued. The action was for " malicious injury to personal property," and if the facts supported the complaint, a warrant for the arrest of the defend-

Glacius agt. Moldtz.

ant could have been obtained, on which he would have been held to bail to await either a motion to vacate the warrant (*Johnson* agt. *Florence*, 32 *How.*, 230) or the judgment in the action. As plaintiff did not bring an action in which he could arrest defendant (*i. e.*, an action instituted by warrant), he had no right to have him arrested on execution; and the judgment, so far as it stated that defendant was subject to arrest and imprisonment, was erroneous. If the judgment be otherwise correct, it may be modified by striking out that portion of it. I find no error in the proceedings before the justice, and the evidence is sufficient to justify his finding that the injury was intentional and malicious. A number of witnesses established the main facts. The judgment for seventy-five dollars damages was not excessive.

It appears that the amount of costs and disbursements was actually inserted by the justice in his judgment. This is sufficient. It would have been sufficient had he given verbal direction to the clerk to insert the particular sum awarded.

The judgment appealed from should be modified by striking therefrom the statement, "This is an action in which the defendant is liable to arrest and imprisonment on the judgment herein," and affirmed as to the residue. No costs of this appeal.

DALY, *C. J.* — As the law originally existed in this state, the mode of commencing all personal actions, unless where they were commenced by original writ, was by a *capias ad respondendum*, upon which all persons could be arrested except those who were privileged from arrest, which was directed to the sheriff, who was bound to arrest the defendant to compel his compliance with the mandate of the writ. But afterwards, by the act concerning sheriffs (1 *Rev. Laws of* 1813, 424), it was the duty of the sheriff to discharge the defendant, upon his indorsing his appearance on the writ, unless the true cause of action, and one which was bailable, was expressed in

the writ, by what was known as an *ac etiam* clause. The writ, therefore, denoted whether the defendant could be arrested and held to bail or not, and it was only when this appeared by the *capias* that a *ca. sa.* could be issued to charge the body in execution (1 *Dunlap's Practice, chap.* 3, *sec.* 3 ; 2 *id., chap.* 20, *sec.* 5). But in the court of assistant justices in this city, of which the present district courts, with various modifications and changes, are a continuation, the proceeding was different, and action was commenced by summons or warrant, as the case might require. If by summons the constable simply returned that he had summoned the defendant, but if by warrant he arrested and brought him before the justice forthwith, who fixed the time for the trial, gave judgment within four days thereafter, the defendant remaining in the custody of the constable until he was discharged by the justice or charged in execution. Many changes followed from the act abolishing imprisonment for debt and other statutes, until the act of 1857 (*Laws of Vol. C,* 344, *p.* 707) provided for the cases in which a warrant of arrest might be granted (*sec.* 16) which had to be founded upon an affidavit which the defendant might controvert when brought before the justice, by counter-affidavit and move for his discharge from arrest (*Coles* agt. *Hanigan,* 8 *Daly,* 44 ; *Johnson* agt. *Florence,* 32 *How.,* 230), which was a discharge also from the action, as the action could not be commenced by warrant, unless the defendant was subject to arrest. If the defendant is liable to arrest, the action must be commenced by warrant, for the district court acts make no provision for the arrest of a defendant, except in the cases specified in the sixteenth section above referred to ; and if any right remains to arrest in these courts in any other cases, from any statute not superseded and in force, it is only by warrant ; and throughout our whole system, except as modified by certain revisions of the non-imprisonment act, the process by which the suit is commenced shows whether the defendant is subject to arrest or not. It remains in this respect as it did sixty years ago, when Dunlap pub-

lished his book of practice, in which he states (*vol.* 1, *p.* 94) that the bailable nature of the action, as well as the liability of the defendant to arrest, must necessarily be decided previously to the issuing of the writ.     The act of 1857, section 10, declares that actions may be commenced in these courts by summons, warrant, attachment or voluntary appearance, and then provides in what cases a warrant may issue to arrest.     If the suit is commenced by summons, as was the case here, it is not an action where the defendant is subject to arrest, which appears by the nature of the process, unless the act is to be construed as authorizing the commencement of the action by summons and the issuing of a warrant at any time thereafter for the defendant's arrest.     I see nothing in the act to indicate that this was intended, but simply to enact, as was always the case under the previous statutes, that where the defendant was subject to arrest and chargeable in execution, the action was to be commenced by warrant.     The provision in section 50, that when judgment is given in a case in which a defendant is subject to arrest and imprisonment, the fact shall be stated in the judgment and entered in the docket, does not denote that the plaintiff may commence his action by summons and then aver and prove a cause of action which would subject the defendant to arrest and imprisonment and have it entered in the judgment and the docket.     He (the defendant) was subject in the action to arrest and imprisonment.     What is meant by this provision, in my opinion, is simply that it shall appear by the judgment and docket that the action is one authorizing the defendant to be charged in execution by the imprisonment of his person.