Van Brunt,* J.
The question involved in this appeal is as to the right of the plaintiff herein to have inserted in the judgment the words above mentioned, no warrant or order of arrest having been issued in this action.
In the case of Glacius v. Moldtz† it was expressly decided by the general term of this court that under the district court acts such words should not be inserted in the judgment unless the action had been *451 commenced by warrant. That is, a defendant could only be arrested in an action commenced by a warrant; and, as the action was commenced by a summons, no execution against the person could issue.
The repealing act, chapter 245 of the Laws of 1880, among other things has repealed section 10 of chapter 344 of the Laws of 1857, which provided that actions in district courts shall be commenced by summons, warrant or attachment, or by a voluntary appearance in person, and pleading, without summons, warrant or attachment ; and the Code of Civil Procedure, section 3209, has provided that actions in district courts must be commenced by voluntary appearance and a joinder of issue by the parties, or by the service of summons— thus limiting (he manner in which actions maybe commenced. Section 3220 provides that sections 3017 to 3022 of this act, both inclusive, apply to a judgment rendered in a district court of the city of New York. Section 3018 provides, if the action in which the judgment is rendered is one of the actions specified in subdivision 1 or 2 of section 2895 of this act, or if an order of arrest has been granted and has been executed in a case specified in subdivision 3 of that section, the justice must insert in each transcript given by him as prescribed in the last section, the words, “defendant liable to execution against his person.”
Subdivisions 1 and 2 of section 2895 of this act refer to actions to recover a fine or penalty, to recover damages for a personal injury of which a justice of the peace has jurisdiction, an injury to property, including the willful taking, detention or conversion of personal property, &c. It therefore follows, from these provisions of the Code, that the manner of commencing an action does not determine the question as to whether the plaintiff is entitled to have the clause in question inserted in the judgment, but that such right depends upon the nature of the action: a different rule from that prevailing under the district court act.
*452 The cause of action in this case, being for the wrongful conversion of personal property, is one of the actions specified in subdivision 2 of section 2895, and consequently the justice was bound to insert in the judgment the liability of the defendant to arrest upon execution.
The judgment must, therefore, be reversed, with costs.

 Present, Van Brunt, P. J., J. F. Daly, and Van Hoesen, JJ.

 61 How. Pr. 62; abridgment S. C., 12 Weekly Dig, 166.